**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LIANE P. JOHNSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.  11-C-8177** |
| **v.** | ) | |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **Magistrate Judge Geraldine Soat Brown** |
| **Commissioner of Social Security,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Liane P. Johnson ("Johnson") filed this case seeking review of the Social Security
Administration's ("SSA") denial of her application for disability insurance benefits and supplemental
security income. (Compl.) [Dkt 1.] The case did not, however, follow the usual course of Social
Security appeals.  Rather, the Commissioner of Social Security ("Commissioner") filed a motion to
dismiss, arguing that the court has no jurisdiction because Johnson failed to exhaust her
administrative remedies.  ("Def.'s Mot."). [Dkt 13.]   Johnson has responded to the motion ("Pl.'s
Resp.") [dkt 15], and the Commissioner has replied ("Def.'s Reply.") [dkt 18].

For the reasons set out below, the Commissioner's motion is denied.  The Commissioner
shall file by November 28, 2012, a submission setting out any argument why this case should not
be remanded for an evidentiary hearing before an Administrative Law Judge on the merits of

Johnson's application.[1]

## Background

The Commissioner's motion argues that Johnson is not entitled to judicial review of a decision the Commissioner acknowledges as "final." That is not only unfair, it is incorrect as a matter of law.

Jurisdiction over appeals from the SSA is found in 42 U.S.C. § 405(g), which provides (in relevant part):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The Commissioner argues that Johnson did not exhaust her administrative remedies, that Johnson did not have a hearing before an Administrative Law Judge ("ALJ"), and that Johnson therefore did not obtain a judicially reviewable decision after a hearing. (Def.'s Mot. at 6, 7.)

The sequence of events is critical to the motion. Most of the history is undisputed, but the parties have differing interpretations of certain events.

Johnson, proceeding *pro se*, filed an application for benefits, on April 12, 2010, which was denied initially and on reconsideration. (Def.'s Mot., Decl. of Robert Weigel ¶ 3 (a).) [Dkt 13-1].[2]

---

[1]  The District Judge to whom the case was initially assigned appointed attorney Sergio Acosta to represent Johnson in this case. [Dkt 5.]  The parties consented to the jurisdiction of the Magistrate Judge. [Dkt 8.] The case was ultimately reassigned to this court. [Dkt 16.]

[2]  The Commissioner filed a declaration by Robert Weigel, Chief of Court Case Preparation and Review Branch 1 of the SSA's Office of Appellate Operations, attaching documents from Johnson's file that have been bates numbered 6 through 22 for reference.  (Weigel Decl.)

On December 28, 2010, she filed a request for hearing by an ALJ. (*Id*.)  On April 4, 2011, the ALJ

sent Johnson a Notice of Hearing, setting the hearing for June 1, 2011.  (*Id*. at 16-22.)  The notice

said (in part):

> If you do not come to the hearing and I do not find that you have a good reason, I may **dismiss** your request for hearing.  I may do so without giving you further notice.
>
> * * * * *
>
> Please complete and return the enclosed acknowledgment form within 5 days of the date you receive this notice.
>
> * * * * *
>
> If you cannot come to your hearing at the time and place I have set, please call this office immediately.  Also, please mail the acknowledgment form to this office right away.
>
> If you need to change the time or place of your hearing, you must ask for the change as soon as you know of a problem that will keep you from coming.  If possible, your request should be in writing to tell me why you need the change and the time and place you would like the hearing held.
>
> I will decide whether you have a good reason for requesting the change.

(*Id*. at 16-17 (emphasis in original).)

Johnson did not return the acknowledgment form at that time.  The SSA regulations provide,

"If you or your representative do not acknowledge receipt of the notice of hearing, we will attempt

to contact you for an explanation."  20 C.F.R. § 404.938 (c).  The Commissioner has no evidence

that the SSA attempted to contact Johnson.  The Commissioner's explanation is that "it is unrealistic,

given the volume of hearings conducted, to expect such evidence  . . . ."  (Def.'s Reply at 4 (internal

footnote omitted).)

On May 18, 2011, the ALJ sent Johnson a "Notice of Hearing – Important Reminder," which

stated (in part):

> If you do not appear at this hearing, and do not provide a good reason why you did not appear, I will **dismiss** your request for hearing without further notice.  *If I dismiss*

> *your request for hearing, the prior decision will become the final decision of the*
> *Commissioner on your application.*
>
> If you do not understand this notice, or if some unexpected problem arises, please call this
> hearing office at the phone number listed above.

(Weigel Decl. at 15 (italic emphasis added, bold emphasis in original).)

Johnson returned the SSA's acknowledgment form, which she dated May 28, 2011. (*Id.* at

9.) On it, she checked the box next to the printed line saying: "I cannot be present at the time and

place shown on the Notice of Hearing. I request that you reschedule my hearing because[,]" and she

hand-wrote in the following:

> Heel spur in my right foot with swelling and pain. Knee problem with pain and
> swelling my right knee also my mediation for pain is Diclofenac Sod 75 mg tab ec.
> Two times daily. I also have mental problem.

(*Id.*)

It is undisputed that the SSA received Johnson's completed acknowledgment form; it is part

of her record at the SSA. It is not clear, however, *when* the SSA received Johnson's form. The

SSA's record copy bears a "Received" stamp showing that it was received at the Chicago Office on

"June 3, 2010." (*Id.*) Of course, the year "2010" is impossible given the sequence of events. Weigel

states that the SSA did not receive Johnson's acknowledgment form until June 6, 2011 (Weigel Decl.

¶ 3(a)), but there is no basis in the record for that statement.

Johnson dated the form "May 28, 2011," which was the Saturday of the Memorial Day

weekend. Her home address is in Chicago, as is the SSA office where her hearing was set (200 West

Adams Street, Chicago). (*Id.* at 9.) Although Monday, May 30 was the Memorial Day holiday, there

was a business day (Tuesday, May 31) before the hearing date of Wednesday, June 1, 2011. If

Johnson mailed the form any time that weekend, it was not unreasonable for her to believe that it

4

would be received on or before the hearing date.

Johnson suggests that the date stamp was off by a year, and that the SSA received the form no later than June 3, 2011. (Pl.'s Resp. at 4.) That is a reasonable theory, and would allow four business days for the form to arrive at the SSA office, more than adequate time for a letter to travel from one Chicago location to another. The date is significant because on June 3, 2011, the ALJ entered an Order of Dismissal, dismissing Johnson's request for a hearing. (Weigel Decl. at 13-14.)

The ALJ dismissed Johnson's request for a hearing on the ground that Johnson failed to appear at the hearing and failed to contact the office. The Order of Dismissal states, "On June 1, 2011, the claimant did not appear at the hearing. She also failed to contact the office to advise that she would not be present at the hearing." (*Id.* at 13.) Thus, the ALJ failed to consider Johnson's acknowledgment form. The ALJ concluded that there was no good cause for Johnson's failure to appear at the hearing, and that "the determination dated October 25, 2010 remains in effect." (*Id.* at 14.)

Notably, the Commissioner admits, "On June 1, 2011, a hearing was held as scheduled but Plaintiff failed to appear at the hearing." (Def.'s Mot. at 3.) Weigel also states, "On June 1, 2011, a hearing was held; however, the plaintiff did not appear at the hearing." (Weigel Decl. ¶ 3(a).)

The Notice of Dismissal, also dated June 3, 2011, advised Johnson that she could file an appeal of the ALJ's decision with the Appeals Council. (*Id*. at 10.) Johnson submitted a timely Request for Review of Hearing Decision/Order, asking that the Appeals Council review the ALJ's Order because "I left messages with them letting them know I was not able to attend. I was having a hard time with my disabling conditions and I was not able to take the bus or get a cab." (*Id*. at 8.) On October 17, 2011, in a formulaic letter, the Appeals Council denied Johnson's request for review.

(*Id*. at 6-7.) The Appeals Council's decision contains no discussion of the facts relating to Johnson's case nor any reasoning for the decision. Again acting *pro se*, Johnson timely filed her complaint in this case on November 16, 2011.

## Discussion

The Commissioner's argument that this court lacks jurisdiction is contrary to his admissions and the ALJ's notice to Johnson. As discussed above, the Commissioner has admitted in his filings in this court that there was a hearing in Johnson's case on June 1, 2011, although Johnson did not attend. The ALJ's Order of Dismissal contains the same premise: the ALJ held a hearing, but Johnson failed to appear. The ALJ's decision to dismiss the request for hearing makes the denial of Johnson's request for reconsideration the Commissioner's final decision, as the ALJ had previously informed Johnson: "If I dismiss your request for hearing, the prior decision will become the final decision of the Commissioner on your application." (Weigel Decl. at 15.)

The SSA's regulations expressly provide that the Appeals Council's decision here is subject to judicial review. The ALJ's dismissal of a request for a hearing is binding unless it is vacated by an ALJ or the Appeals Council. 20 C.F.R. § 404.959. The claimant may request that the Appeals Counsel vacate the dismissal (20 C.F.R. § 404.960), which is what Johnson did. The Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand to the ALJ. 20 C.F.R. § 404.967. The regulations provide that a *dismissal* by the Appeals Council is binding and not subject to further review. 20 C.F.R. § 404.972.[3] However,

---

[3] It is not clear, however, that the SSA may preclude judicial review of a final decision simply by labeling it "binding and not subject to further review." *See Doctors Nursing & Rehab. Ctr. v. Sebelius*, 613 F.3d 672, 676 n.2 (stating that the SSA "cannot insulate its decisions from judicial

the Appeals Council may *dismiss* a request for review only for specific reasons, none of which apply here: that the request was untimely; that the claimant requests dismissal; or that the claimant dies and dismissal will not adversely affect another person.   20 C.F.R. § 404.971.   In contrast, the Appeals Council's *denial* of a request for review is subject to judicial review:

> The Appeals Council may deny a party's request for review or it may decide to review a case and make a final decision.  The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding *unless you or another party file an action in Federal district court,* or the decision is revised. *You may file an action in a Federal district court within 60 days* after the date you receive notice of the Appeals Council's action.

20 C.F.R. § 404.981 (emphasis added).

Here, the Appeals Council denied Johnson's request for review. Its Notice of Appeals Council Action stated, "We have denied your request for review."   (Weigel Decl. at 6.)  Under 20 C.F.R. § 404.981, that decision is subject to judicial review.  There is nothing more Johnson needed to do to preserve her right to judicial review.

The distinction between "dismissal" and "denial" by the Appeals Council makes sense.  The circumstances that permit the Appeals Council to issue a dismissal imply the claimant's abandonment of the claim: failure to file in time, a request to dismiss, or the claimant's death (unless dismissal would adversely affect another). In other circumstances, the Appeals Council's decision to deny that claim is appropriately reviewable.

The Commissioner is correct that requiring exhaustion of administrative remedies serves important purposes, such as preventing premature interference with agency processes, allowing the

---

review simply by refusing to label an otherwise appealable decision as a 'final decision' within the meaning of the statute").  However, it is not necessary to reach that question because 20 C.F.R. § 404.981, not § 404.972,  is applicable here.

7

agency an opportunity to correct its own errors, and compiling a record which is adequate for judicial review. *See Weinberger v. Salfi*, 422 U.S. 749, 765 (1975). Furthermore, the requirement of exhaustion in 42 U.S.C. § 405(g) is not simply a judicially developed doctrine, but a statutorily specified jurisdictional prerequisite. *Id.* at 766. Here, however, the Commissioner has admitted that a hearing has been held, and under the SSA regulations, Johnson has taken the required steps to obtain judicial review. Under the SSA's regulations, the requirement of "a hearing" is satisfied by the hearing which the Commissioner admits was held on June 1, 2011, even though Johnson did not attend. *See Salfi*, 422 U.S. at 767 (holding that agency's determination that any further hearing would be futile is sufficient for judicial review under § 405(g)). The result is a final decision. There is nothing more for Johnson to exhaust.

The Commissioner argues that because Johnson did not appear the hearing as scheduled, she has no right to file in federal court and, therefore, her claim for benefits is over without any judicial review. That is not what the regulations provide; if that were true, the mere failure to appear would doom the claimant's claim regardless of the reason for the non-appearance. If the Commissioner's argument were correct, arbitrary and unsupported decisions could be made without judicial review, as illustrated by this case. The ALJ's decision on June 3, 2011 was factually incorrect in saying that Johnson failed to contact the office to get a continuance. As a result, the ALJ did not consider Johnson's stated reasons for not appearing, as the ALJ was required to do before issuing the Order of Dismissal.[4] The Appeals Council's formulaic decision aggravated the error by failing to consider

---

[4] Before issuing an order dismissing a request for hearing based on the claimant's failure to appear, the ALJ must consider whether there was good cause or good reason for the non-appearance. 20 C.F.R. § 404.957 (b)(1)(I). "In determining good cause or good reason under this paragraph, we will consider any physical, mental, educational or linguistic limitations (including any lack of facility with the English language) which you may have." 20 C.F.R. § 404.957 (b)(2).

and discuss Johnson's acknowledgment form which the parties agree was in the SSA's record by October 17, 2011 (the date of that decision). The Appeals Council did not remand to the ALJ to consider the evidence in the record, including Johnson's acknowledgment form, under the standards of 20 C.F.R. § 404.957. Instead, the Appeals Council simply ignored evidence in the record, which it cannot do. *See, e.g., Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012) ("An ALJ may not ignore entire lines of evidence.").

The Commissioner's current argument is contrary to the SSA's own regulations, the SSA's record, and the Commissioner's admissions in this court. Accordingly, the motion to dismiss is denied.

Johnson seeks only an evidentiary hearing on the merits of her application for benefits. (Pl.'s Resp. at 1.) The Commissioner shall file by November 28, 2012, a submission setting out any argument why this case should not be remanded for an evidentiary hearing before an Administrative Law Judge on the merits of Johnson's application for benefits.

**IT IS SO ORDERED.**

_Geraldine Soat Brown_

Geraldine Soat Brown
United States Magistrate Judge

Dated: November 9, 2012

9